GORDON *v.* STATE.

(Division B.   Oct. 12, 1942.)

[9 So. (2d) 877.   No. 35027.]

Clay B. Tucker, of Woodville, for appellant.

Greek L. Rice, Attorney-General, by Russell Wright, Assistant Attorney-General, for appellee.

Argued orally by **Clay B. Tucker**, for appellant, and by **Russell Wright**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The appellant, Willie Gordon, a negro man about fifty years of age, shot and killed his wife and her son, Roosevelt Hill, appellant's stepson, using a pistol as his weapon. He was indicted on the charge of the murder of his wife, was tried, convicted of manslaughter, and sentenced to the penitentiary for a term of twenty years. From that judgment he prosecutes this appeal.

Two alleged errors are assigned and argued, namely, whether the verdict of the jury was supported by the evidence, and whether the court erred in giving an instruction for the state, which is in this language:

"The Court instructs the jury for the State of Mississippi that if you believe beyond a reasonable doubt from the evidence in this case, and to the exclusion of every

reasonable hypothesis of the defendant's innocence, that Willie Gordon did then and there, willfully, unlawfully, feloniously and of his malice aforethought, kill and murder Eva Gordon, a human being, at a time when he, Willie Gordon, was not in any imminent danger real or apparent of losing his own life or of suffering great bodily harm at the hands of Eva Gordon, then the defendant is guilty as charged, and the jury should so find."

, There were no eye-witnesses to the tragedy, except the three parties thereto; therefore, the evidence for both the state and the appellant was largely that of the appellant. There were a few circumstances which had a little, but not much, to do with the question of guilt.

The stepson, Roosevelt Hill, was married, and lived with his wife near the home of appellant. Appellant testified that the tragedy occurred near the intersection of two public highways; that he was stationed there on the lookout for a negro named Clarence Bruce, who had been visiting his home in his absence too often; that while so stationed, his wife and stepson approached the public highway, their appearance indicating that his wife was again separating from him, and was on her way to his stepson's home. She was walking, carrying some sort of bag. The stepson was on his horse. Both were carrying away from appellant's home personal belongings of his wife. That appellant intercepted them, and tried to stop them; that thereupon both his wife and stepson made a "lunge" at him, threatening to kill him; that the stepson had a knife with a long blade; that he thereupon shot and killed his stepson, and then shot and killed his wife. He admitted on cross-examination that his wife was apparently unarmed as she and her son approached, and, also, after he had shot and killed his stepson, and at the time he shot and killed her. He stated, however, that she might have had a weapon in the sack she had in her hand or on her arm.

We are of opinion that the evidence was ample to support the conviction.

The instruction complained of told the jury, in substance, that they should convict appellant if at the time he shot his wife he was in no danger, real or apparent, of losing his life, or of suffering great bodily harm at the hands of his wife, then they should find him guilty as charged.

The criticism of the instruction is that it is in conflict with the principles laid down in 30 C. J. 32; Wood v. State, 81 Miss. 408, 33 So. 285; Black v. State, 65 Tex. Cr. R. 336, 145 S. W. 944; Recen v. State, 58 Tex. Cr. R. 457, 126 S. W. 577. Those authorities hold that where one is attacked by several assailants at the same time, he is justified in acting upon the hostile demonstration of any one of them. That if he is in danger of the loss of his life or of great bodily harm at their hands, he has the right to take the life of any one of them, or all of them, if necessary to save himself, although it develops afterwards that only one of them is armed with a deadly weapon. When he sees one of them with a deadly weapon threatening his life, or great bodily harm, he does not have to stop to see whether or not the others are armed; he has the right to assume that they are acting in concert, and that each one is acting for all.

Those principles have no application to this case. The appellant admitted in his evidence that he shot and killed his stepson who was approaching him with a deadly weapon; but that he observed, both before and after shooting his stepson, that there was no appearance of his wife's being armed with a deadly weapon.

Affirmed.